UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHAD MILLER                                                              CIVIL ACTION

VERSUS                                                                   NO. 2:21-CV-02342

LIFE INSURANCE COMPANY OF NORTH AMERICA

**COMPLAINT**

The Complaint of Chad Miller respectfully alleges:

1. This is a claim for ERISA long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.S.C. Sec. 1001 et seq.; 29 U.S.C. Sec. 1132(e)(1)(2).

3. Plaintiff, **Chad Miller**, of lawful age and a resident of Baton Rouge, Louisiana, is a plan participant and beneficiary of an ERISA plan created by his employer, Lowe's Companies, and an insured participant of a group disability policy issued by Life Insurance Company of North America.

4. Defendant, **Life Insurance Company of North America** ("LINA"), is a foreign corporation, doing business in Louisiana. Upon information and belief, LINA is incorporated in Philadelphia, Pennsylvania and its principal place of business is in the state of Pennsylvania.

5. LINA issued a group policy insuring the employees of Lowe's Companies. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries.  29 U.S.C. Sec. 1104(a)(1).

7. Plaintiff filed a claim for disability benefits with the Plan because his medical condition precluded him from continuing to perform the duties of his job as a department manager for Lowe's on a fulltime basis. His condition also precludes him from performing the duties of any occupation on a fulltime basis.

8. Plaintiff suffers from debilitating pain in his back, hip, and knees.

9. Plaintiff is disabled under the terms of the disability policy issued by LINA.

10. LINA wrongfully denied Plaintiff benefits he is entitled to under terms of the disability policy.

11. Plaintiff appealed the denial, but LINA upheld its previous decision.

12. LINA's denials are based on insubstantial evidence and are arbitrary and an abuse of any purported discretionary authority.

13. Plaintiff has exhausted his administrative remedies and now files this suit to reverse LINA's denial of benefits.

14. LINA administered Plaintiff's claim with an inherent and structural conflict of interest as LINA is liable to pay benefits from its own assets to Plaintiff, and each payment depletes LINA's assets.

15. Plaintiff has been denied the benefits due to him under the Plan, has suffered, and is continuing to suffer economic loss as a result.

16. Plaintiff is entitled to an award of interest on all money that Defendant should have paid to Plaintiff.

17. Defendant's denial has required Plaintiff to hire attorneys to represent him in this matter to recover benefits due to him under the Plan.

   **WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;

2. For all reasonable attorney fees;

3. For costs of suit; and

4. For all other relief as the facts and law may provide.

                              Respectfully submitted,

                              <u>/s/ Reagan Toledano</u>
                              Willeford & Toledano
                              Reagan L. Toledano (LA 29687)
                              201 St. Charles Avenue, Suite 3206
                              New Orleans, LA 70170
                              Phone: (504) 582-1286
                              Fax: (313) 692-5927
                              rtoledano@willefordlaw.com